IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MICHAEL URIBE and HELEN URIBE<br>husband and wife, | ) | No. 32315-3-III |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| LIBEY, ENSLEY & NELSON, PLLC, a<br>Washington professional limited liability<br>company; BANK OF WHITMAN, now<br>known as COLUMBIA BANK, successor<br>in interest to the FDIC as Receiver of<br>Bank of Whitman; and GARY LIBEY and<br>JANE DOE LIBEY, husband and wife and<br>the marital community comprised thereof, | ) | |
| | ) | |
| Respondents. | ) | |

KORSMO, J. — This appeal arises from the nonjudicial foreclosures of deeds of

trust securing cross-collateralized commercial loans. Concluding that the trial court

properly granted summary judgment in favor of the defendants, we affirm.

FACTS

In the early 2000s, Michael and Helen Uribe owned a 1,000 acre tract of land in

Benton County, then valued in excess of $3.75 million. They also owned a substantially

less valuable piece of property in Franklin County. In order to finance a commercial

endeavor, the Uribes took out a loan in the amount of $1,665,185.50 from the Bank of Whitman (Bank). The loan was secured by a deed of trust on the Franklin County property, a mortgage on the Benton County property, and a security interest in some vehicles and equipment used in the Uribes' business. A few years later, the Uribes took out a second commercial loan from the Bank in the amount of $571,000. This loan was secured by a deed of trust on the Benton County property, a mortgage on the Franklin County property, and a security interest in that same business property. Additionally, the deed of trust on the Benton County property included a clause whereby it further secured all prior indebtedness by the Uribes to the Bank.

Following the collapse of the real estate market, the Uribes defaulted on both loans. In March 2009, the Bank sent the Uribes notices of default. Before the Bank could take any further action, the Uribes filed for bankruptcy, resulting in an automatic stay on all foreclosure proceedings. The Bank then filed a motion for relief from the stay. One year later, the bankruptcy court lifted the stay and abandoned the property from the estate. That court determined that the total value of the security assets ($2,550,171) was less than the total debt owed on the two loans ($2,745,982.78). The Bank then initiated nonjudicial foreclosure proceedings on the two deeds of trust, as well as a replevin action on the business property.

The Bank sent new notices of default and then appointed Gary Libey as trustee. Mr. Libey sent notices of trustee's sales to the interested parties. On September 8, 2010,

the notices and Mr. Libey's appointment as trustee were filed with the Franklin and Benton County Auditors. The notices were recorded approximately two hours before the appointments were recorded.

On December 17, 2010, both properties were sold at auction to the Bank; there were no other bidders. First, the Franklin County property was sold for $390,000 and the purchase price was credited to the Franklin County loan. Then, the Benton County property was sold for $1.2 million, with the purchase price credited in part to the Benton County loan and in part to the Franklin County loan. In the separate replevin action, the Bank realized an additional $281,487.14 from the sale of the Uribes' business property. On December 28 and 30, Mr. Libey recorded the trustee's deeds for the two properties, acknowledging full satisfaction of both loans. The Bank subsequently sold the Benton County property to Randall Rupp for approximately $1.28 million.

Ten months later, the Uribes brought an action against the Bank, Gary Libey, Libey Ensley & Nelson, PLLC, Randall Rupp, and 7HA Family, LLC, alleging violations of the Deeds of Trust Act (DTA), chapter 61.24 RCW, and the Consumer Protection Act (CPA), chapter 19.86 RCW, as well as collusive bidding, conversion, civil conspiracy, and racketeering. The Bank settled with the Uribes. The superior court later granted summary judgment in favor of the remaining defendants. The Uribes appealed from that decision, reasserting only their claims under the DTA and CPA.

3

ANALYSIS

The Uribes allege two violations of the DTA, relating respectively to the validity and procedure of the trustee's sale, which we will address in that order. Our resolution of those issues precludes any need to discuss the CPA claim.

*The Validity of the Sale*

The Uribes contend that because the notices of trustee's sales were recorded two hours prior to Mr. Libey's appointment as trustee, the trustee's sales were invalid and should be rescinded. In response, Mr. Libey contends that under the DTA, the Uribes waived their ability to challenge the validity of the trustee's sale by failing to bring an action to enjoin the sale.

The DTA should be construed liberally to further its basic objectives: (1) that the nonjudicial foreclosure process be efficient and inexpensive, (2) that the process should allow adequate opportunity for parties to prevent wrongful foreclosure, and (3) that the process should promote the stability of land titles. *Cox v. Helenius*, 103 Wn.2d 383, 387, 693 P.2d 683 (1985). In order to prevent wrongful foreclosure, a statutory cause of action is available to the debtor to enjoin an invalid foreclosure. *See* RCW 61.24.130. To promote stability of land titles, failure to bring an action "may result in a waiver of any proper grounds for invalidating the Trustee's sale." RCW 61.24.040(1)(f)(IX). Waiver of a post-sale challenge occurs where a party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior

4

to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale. *Plein v. Lackey*, 149 Wn.2d 214, 227, 67 P.3d 1061 (2003). Waiver is not strictly applied. It only will occur where it is equitable under the circumstances and furthers the goals of the act. *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560, 570, 276 P.3d 1277 (2012).

It is uncontested that the Uribes received adequate notice of their statutory rights and that they did not bring an action to enjoin the trustee's sale. They argue that waiver is inappropriate because they had no actual knowledge of the filing defects related to the appointment of Libey and his notices of sale. However, the Uribes had constructive knowledge of the order in which the documents were recorded by the county clerk.[1] That is sufficient for waiver. Additionally, equitable considerations favor applying waiver to these circumstances. The Uribes are complaining of an extremely minor, technical failure in the foreclosure proceeding, which has not apparently harmed them in any way. Finally, applying waiver here furthers the purposes of the DTA by promoting the stability of land titles in a situation where the complaining party had ample opportunity to correct the error before the sale. Consequently, application of waiver is appropriate in this situation.

---

[1] Indeed, the Uribes' theory of liability against Rupp was that Rupp purchased the property with constructive notice of the filing defect.

The Uribes argue unpersuasively that waiver cannot apply to procedural irregularities. They rely on inapposite precedent. *See Schroeder v. Excelsior Mgmt. Grp., LLC*, 177 Wn.2d 94, 297 P.3d 677 (2013); *Bavand v. OneWest Bank, F.S.B.*, 176 Wn. App. 475, 309 P.3d 636 (2013). Unlike the present situation, both of these cases dealt with situations where the lender lacked statutory authority under the DTA to initiate the foreclosure, and the borrower brought an action to enjoin the sale.

The Uribes argue alternatively that waiver does not apply to an action for damages, and that if the sale is not to be invalidated, they should be able to obtain money damages.[2] Again, the cases cited to support this argument do not apply as they involve contractual or common law waiver rather than the statutory waiver of the DTA. *See Schroeder*, 177 Wn.2d at 114; *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 796, 295 P.3d 1179 (2013). Failure to bring an action under the DTA to enjoin a foreclosure cannot serve to waive claims for damages in certain situations. *See* RCW 61.24.127. However, that provision does not apply to the commercial loans at issue here. RCW 61.24.127(4). If this court were to conclude that waiver never applies to claims for damages, this provision of the DTA would be meaningless. Courts will not construe a statute so as to render it meaningless. *State v. K.L.B.*, 180 Wn.2d 735, 742, 328 P.3d 886 (2014).

---

[2] It seems doubtful that the Uribes would be able to sustain a claim for damages, as they have been unable to clearly state any harm actually resulting from this defect.

*The Procedure of the Sale*

The Uribes make a variety of contentions that aspects of the sale violated the DTA, all of which are without any legal support.

First, they contend that recovering on the Franklin County loan against the Benton County property constituted a deficiency judgment in violation of the DTA.[3] RCW 61.24.100. However, the DTA specifically allows for a party to pursue multiple foreclosures against separate collateral securing a *commercial* loan.[4] RCW 61.24.100(3)(b).

Next, the Uribes argue that Mr. Libey violated the DTA by failing to deposit the surplus from the sale of the Benton County property with the clerk of the county court. RCW 61.24.080. However, the Benton County deed of trust secured not just the Benton County loan, but also all other debt owed by the Uribes to the Bank. Since the total debt owed far exceeded the proceeds from the sale, there was no surplus to deposit.

Finally, the Uribes argue that because the Franklin County property was sold first, and the trustee's deed for the Franklin County property states that its sale satisfied in full

---

[3] In briefing this issue, the Uribes rely heavily on a letter from Mr. Libey to the bank describing the anticipated foreclosure process and requesting indemnification. They argue that this letter indicated that Mr. Libey knew the foreclosure was unlawful. In fact the letter states a considered belief that the sale would be in compliance with the DTA, but that he expected trouble because the Uribes are "quite litigious."

[4] The trial court ruled on this issue relying on *Donovick v. Seattle-First Nat'l Bank*, 111 Wn.2d 413, 757 P.2d 1378 (1988).

the obligation secured by that deed of trust, the Franklin County loan was satisfied before the Benton County property was sold. However the Trustee's Deed was issued five days after both sales, and consequently after the Franklin County loan was credited with a portion of the sale from the Benton County property.

Because there is no merit to the Uribes' claims under the DTA, we need not address their claim under the CPA or their request for attorneys' fees.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Brown, J.

_____
Siddoway, C.J.

8